(September 22, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY MCNEIL, Appellant. [929 NYS2d 770]—

In January 2007, defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree and was sentenced to five years of probation. At that time, he also was convicted of driving while intoxicated for which he received a conditional discharge. In August 2008, defendant was charged with violating various conditions of his probation. He subsequently pleaded guilty to violating certain of the enumerated conditions and agreed to leave sentencing to the discretion of County Court. Thereafter, County Court revoked defendant's probation and resentenced him to 1 to 4 years in prison. Defendant now appeals.

Defendant's sole contention on appeal is that he received ineffective assistance of counsel at sentencing because counsel did nothing more than ask County Court to restore defendant to probation. Contrary to defendant's assertion, counsel expounded upon this request by reminding the court that defendant was doing well living in a halfway house and was making progress in a treatment program. Moreover, in light of defendant's long history of alcohol-related offenses and prior probation violations, counsel's options at sentencing were somewhat limited. Accordingly, under these circumstances, we cannot conclude that defendant was deprived of meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v McCowan, 226 AD2d 759 [1996], lv denied 88 NY2d 938 [1996]).

Mercure, J.P., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.